**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **WILLIE FRANK KING,** ) | |
|         Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-CV-564-D |
| ) | |
| **WARDEN REBECCA TAMEZ,** ) | |
|         Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Factual background**

Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241. Petitioner is an inmate in the federal prison system. Respondent is Warden Rebecca Tamez.

A federal jury convicted Petitioner of conspiracy, possession with intent to distribute five kilograms or more of cocaine, and unlawful use of a communications facility in violation of 21 U.S.C. §§ 846, 841(a)(1) and 843(b). *United States v. King*, No. 3:97-CR-083-D (N.D. Tex. Aug. 29, 1997). Petitioner was sentenced to 328 months confinement, followed by five years supervised release. His conviction and sentence were affirmed on direct appeal. *United States v. King*, No. 97-10396 (5th Cir. Oct. 13, 1998).

Petitioner has filed three habeas petitions pursuant to 28 U.S.C. § 2255 and one Rule 59(e) motion to alter or amend the judgment. *See United States v. King*, No. 3:00-CV-735-D (N.D. Tex. Dec. 28, 2000), *rec. adopted by* Order (N.D. Tex. Jan. 18, 2001), *COA denied*, No. 01-10149 (5th Cir. Jan. 7, 2002) (denying § 2255 motion on the merits after evidentiary hearing); *United States v. King*, No. 3:03-CV-1524-D, 2003 WL 21663712 (N.D. Tex. Jul. 11, 2003), *rec. adopted by* Order (N.D. Tex. Jul. 28, 2003), COA denied, No. 03-10869 (5th Cir. Feb. 14, 2004) (treating writ of audita querela as successive § 2255 motion); *United States v. King*, No. 3:97-CR-083-D (N.D. Tex. Aug. 13, 2003) (denying Rule 59(e) motion); *United States v. King*, No. 3:97-CR-083-D (N.D. Tex. Jun. 13, 2007), *rec. adopted by* Order (N.D. Tex. Jul. 17, 2007), *COA denied*, No. 07-10852 (5th Cir. May 15, 2008) (treating writ of audita querela as successive § 2255 motion). On May 15, 2008, the Fifth Circuit warned Petitioner that future frivolous or repetitive filings attempting to circumvent the successive motion requirements of § 2255 would subject him to sanctions.

On March 24, 2009, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241. He states he was denied the right to counsel of his choice at trial. He argues this resulted in constitutional error under *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2000).

## II.  Discussion

Title 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Title 28 U.S.C. § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241, however, may be used by a federal prisoner to challenge the

legality of his or her conviction or sentence if he or she can satisfy the requirements of the § 2255 "savings clause." The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that *the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (2008) (emphasis added).

The petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v. Ysuff,* 218 F.3d 448, 452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy."). In this case, Petitioner has failed to show that the § 2255 remedy is inadequate or ineffective.

Further, the savings clause of § 2255 applies only to a claim (I) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904.

The Fifth Circuit makes clear that to fall under the savings clause, the decision that the petitioner is relying on "must be retroactively applicable on collateral review." *Reyes-Requena*, 243 F.3d at 904 (citing *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)). In this case,

Petitioner relies on the Supreme Court's decision in *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), to argue that he was denied his right to counsel. In *Gonzalez-Lopez*, the trial court prevented the defendant's privately-retained counsel from representing the defendant by erroneously denying the counsel's petition for *pro hac vice* admission. On appeal, the Eighth Circuit vacated the defendant's conviction, holding that the denial of the defendant's right to counsel was reversible error, and was not subject to harmless error review. The Supreme Court affirmed.

Petitioner, however, has failed to show that *Gonzalez-Lopez* is retroactively applicable on collateral review. Although the Fifth Circuit has not considered the issue, the Seventh Circuit has found that *United States v. Gonzalez-Lopez* is not retroactively applicable. *See Rodriguez v. Chandler*, 492 F.3d 863, 866 (7th Cir. 2007); *see also Claybrooks v. Shearin*, No. PJM-09-971, 2009 WL 2169016 (D. Md. July 16, 2009) (same); *Wright v. Stoval*, No. 06-12419, 2008 WL 2224271 at *5 n.2 (E.D. Mich. May 28, 2008) (same). Petitioner has failed to establish his petition falls under the savings clause. His petition under 28 U.S.C. § 2241 should be denied.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition under 28 U.S.C. § 2241 be denied with prejudice.

Signed this 9th day of November, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
<u>**NOTICE OF RIGHT TO APPEAL/OBJECT**</u>

 A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).